MAYOR AND ALDERMEN OF EDGEFIELD *v*. JOHN D. BRIEN
and others.

April Term, 1878.

TAXES — BILL BY MUNICIPAL CORPORATION — DEMURRER. — A demurrer will not lie to a bill by a municipal corporation to enforce its lien on land for taxes, although the land has been repeatedly sold and bought by the corporation for a portion of the taxes, the bill stating that the corporation has never taken a deed for the land under such sales, and that a perfect title was not acquired thereby by reason of irregularities in the proceedings of condemnation, advertisement, and sale.

*Ewin Burney*, for complainant.
*John D. Brien*, for defendants.

THE CHANCELLOR : — The defendants are the owners of a lot in the town of Edgefield on which taxes have been assessed by the complainant, under its charter and ordinances,

for each year from 1869 to 1877 inclusive. For these taxes the lot has also been sold each year, and bought by the complainant, except for the taxes of the year 1877. The complainant has taken no deed for the land under these sales, and avers, in its bill, that it is advised "a full and perfect legal title to said property was not acquired by said sales, because of the irregularities in the proceedings of condemnation, advertisement, and sale, and because the law providing for the sale and condemnation of property does not vest the said complainant with the right and the power to become the owner in fee of property sold for the enforcement of tax assessments and liens, under ordinary condemnation and sale at law." The complainant adds that it only desires payment of the taxes and costs and charges due upon the said property, and is willing, even if the legal title did vest in it by the sale, to have the property sold, and a sufficiency of the proceeds applied to the satisfaction of such taxes, costs, and charges, and the surplus paid to those entitled. The defendants have demurred, assigning for cause of demurrer that the bill contains no matter of equity whereon the court can ground any decree.

The complainant is a public municipal corporation, originally chartered on July 1, 1869, under the provisions of the Code, sec. 1349 *et seq.* The charter was amended by act of February 26, 1870, ch. 72. The corporation is authorized, both by the Code, sec. 1359, subsec. 17, and by the second section of the act of 1870, to levy and collect taxes upon all property within its limits which is or shall be taxable by the laws of the state. By the Code, sec. 554, assessed taxes, and the costs of reporting land for sale for taxes, are made a lien upon such land, without limitation of time, and this lien will not be lost by the neglect of the officers of the corporation to enforce it. *Swan* v. *Mayor, etc., of Knoxville*, 11 Humph. 130. And by section 1380, real estate is to be sold for taxes "in the manner prescribed for sales of real estate for state and county taxes." It was

settled at an early day, in this state, that a municipal corporation is not confined to one mode in the collection of taxes ; that an assessed tax becomes a debt due from the tax-payer, and may, without a special ordinance passed for the purpose, be collected by warrant before a justice, under the general clauses of the charter empowering the corporation to sue and be sued, and to lay and collect taxes. The power to lay and collect taxes, it was pointedly said, " must necessarily include all means to enforce collection, none of which is so effectual as a suit at law." *Mayor, etc., of Jonesborough* v. *McKee,* 2 Yerg. 167. In *Rutledge* v. *Fogg,* 3 Coldw. 554, 568, it is again decided that the taxes of a municipal corporation constitute a debt, due from the owner of the property on which they are assessed to the corporation, and that they may be filed in an administration suit in the court of chancery for payment, and paid out of the proceeds of realty sold in the cause.

In this view, it is obvious that the corporation may, instead of selling realty for taxes in the specific " manner prescribed for sales of real estate for state and county taxes," file a bill to enforce the lien upon the land given by the statute, if the amount in controversy is sufficient to authorize a resort to this court. It is true that a resort to this court might, in ordinary cases, be treated as unnecessary, and being more expensive than the statutory mode, the court might charge the complainant with the extra costs. No such penalty would apply where the aid of this court is only invoked after the usual mode has been repeatedly resorted to without avail.

In this case, the taxes for 1877 are for a less amount than is required to enable a party to come into this court, and the bill cannot be sustained without adding the taxes of some of the previous years ; and for the taxes of those years the land has been sold, and bought in by the corporation. But the bill alleges that the complainant acquired no legal title to the land because of irregularities in the

proceedings of condemnation and sale, and has, in any event, only an equity, and is willing to give the defendants the benefit of whatever interest was acquired over and above the taxes, costs, and charges. In *Webb* v. *Miller*, 8 Heisk. 453, the Supreme Court held that such averments authorized the overruling of a demurrer based upon the fact of such condemnation and sale, where the bill was, in substance, similar to the one before us. About the same time, I reached the like conclusion in *Chadwell* v. *Jones*, 1 Tenn. Ch. 495. And in *City of Memphis* v. *Looney*, 1 Tenn. Leg. Rep. 288, the Supreme Court sustained a similar bill over a demurrer, although it seems not to have shown any defect of title. It is true that these decisions were made upon bills filed for the collection of back taxes, under the acts of 1873. But the court, in the case last cited, say that the power given by those acts to the special-tax commissioner " is merely cumulative to that of the corporation, already vested by law," and a bill in the name of the corporation itself was sustained. All of the taxes in this case previous to the acts of 1873 would come within their provisions. But I am of opinion, independent of those acts, that a municipal corporation is entitled, upon the facts disclosed by this bill, to come into equity for the enforcement of its lien for taxes, by treating the judgments of condemnation, and other proceedings under which it purchased the land, either as void, or as merely a mode adopted for enforcing the collection of revenue. To this effect is the decision of Nicholson, C. J., in *Webb* v. *Miller*, 8 Heisk. 453, whose reasoning is unanswerable.

The demurrer must, therefore, be overruled.